■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. CAPLANDIES, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 2, 1975, upon a verdict convicting defendant of the crime of rape in the first degree, rape in the second degree, and assault in the first degree. On the afternoon of November 30, 1974 the defendant and a friend, Albert Charlebois, picked up the complainant, an 11-year-old girl, from the apartment of Elizabeth Turnbull in the City of Albany. The defendant had requested that the complainant baby-sit at his home. Charlebois was dropped off at 3:30 P.M. and the defendant drove off with the complainant alone. These facts were proven at trial by the testimony of Charlebois, Turnbull, and the complainant without contradiction. At 7:00 P.M. the defendant returned to his home with the complainant. Defendant's friends, Stuart Morrison and Jeffrey Becker, were present and testified that the complainant's face showed marks of a serious beating and that there was blood on defendant's clothing. The complainant's grandmother came for her at 9:30 P.M. She told her grandmother the defendant had raped her. Medical tests were promptly taken, confirming that sexual intercourse had occurred. The complainant testified that after Charlebois left the car at 3:30 P.M., defendant drove her to a secluded country road where he forcibly raped her. The defendant did not testify, and the defense otherwise failed to call in question any element of the People's case. On appeal the defense contends that the trial court erred in permitting the People to use, albeit indirectly, an inculpatory statement of the defendant. The statement had been suppressed before trial because of inadequate *Miranda* warnings. When first called to the stand the complainant was not able to identify the place where the crime occurred. The police used defendant's statement to find the place and then drove there with her to refresh her memory. She was then able to describe to the jury the place in question. Assuming, without deciding, that this indirect use of the suppressed statement was fruit of the poisonous tree, it was manifestly harmless error *(People v Crimmins,* 36 NY2d 230). The proof of guilt was devastating. Not even the slightest chance of misidentification exists, and the error alleged, pertaining only to whether the rape occurred at one country road or another, is an entirely incidental matter which could have had no effect on the question of guilt or innocence. As for defendant's argument that the Albany County Court lacked jurisdiction because there was no untainted proof that the crime occurred in Albany County, CPL 20.40 (subd 4, par [g]) provides that "An offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip." Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.